UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY D. SMITH JR., Plaintiff, -against- THE CITY OF NEW YORK, Defendants. | 26-CV-4902 (DEH) ORDER OF SERVICE |

DALE E. HO, United States District Judge:

Plaintiff, who is appearing *pro se*, asserts claims pursuant to 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and under state law, alleging that he was subjected to unconstitutional conditions of confinement while incarcerated on Rikers Island. By order dated June 12, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A. Dismissal of claims against some defendants

#### 1. New York City Department of Correction ("DOC")

The Court dismisses claims against the DOC because an agency of the City of New York does not have the capacity to be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)). The Court therefore dismisses Plaintiff's claims against the DOC for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

#### 2. DOC Commissioner Lynelle Maginley-Liddie

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff lists former DOC Commissioner Lynelle Maginley-Liddie as a Defendant in the caption of the complaint and alleges that she was "responsible for setting policies and enforcing federal oversight mandates" (ECF 1-1 at 2), but this allegation does not suggest that she was personally involved in the events underlying his claims. Plaintiff's claims against her are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Waiver of service**

The Clerk of Court is directed to electronically notify the DOC and the New York City Law Department of this order. The Court requests that the following Defendants waive service of summons: (1) City of New York; (2) Chief of Department Sherrieann Rembert; (3) Deputy Chief of Security Ronald Lemon; (4) EMTC Warden/Assistant Commissioner Sonya Harvey; (5) RMSC Warden Rikisha Hill; (6) GRVC Warden Charisma Carter; (7) RMSC Deputy Warden Melissa Rothwell; (8) Correction Officer Nixon, Shield #20314; (9) Security Captain Mathis, Shield #82; (10) Captain Ayuba, Shield #1239; (11) Assistant Deputy Warden Ogbemudia; (12) Assistant Deputy Warden Ada Perez; (13) Adjudication Captain Perry; (14) Captain Rogers, Shield #1431; (15) Correction Officer Wiggan, Shield #20478; and (16) Captain Collins, Shield #1080.

**C. Order of service (H+HC)**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint until the Court reviewed the complaint and ordered that a summons be issued. Court therefore extends the time to serve until 90 days after the date the summons is issued.

F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant New York City Health + Hospitals Corp. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**D. Order pursuant to Valentin v. Dinkins**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying defendants and obtaining service addresses. 121 F.3d 72, 76 (2d Cir. 1997).

**1. DOC**

In the complaint, Plaintiff supplies sufficient information to permit DOC to identify the shift captains or other correction officers who allegedly denied Plaintiff timely access to decontamination: (1) at approximately 5:30 a.m. on April 9, 2025, at EMTC Unit 6-Upper; and (2) at approximately 12:00 noon on May 3, 2025, at GRVC Unit 3A. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the DOC, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and

the address where the defendant may be served.[2] The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and issue any necessary follow up orders.

**2. H+HC**

The Court directs H+HC to provide a service address for EMTC Nurse Practitioner Lisa Alleyne-Moore (NPI: 1376070144).[3]

**E. Local Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the

[2] If the Doe defendant is a current or former DOC employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the New York City Law Department must provide a residential address where the individual may be served.

[3] The Physician Affiliate Group of New York, P.C. (PAGNY), the entity that usually provides the Court with service addresses for health care workers at Rikers Island, informed indicated by email that this individual is not a PAGNY employee.

date of this order, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[4]

**CONCLUSION**

For the reasons set forth in this order, the Court dismisses Plaintiff's claims against the New York City Department of Correction (DOC) and DOC Commissioner Lynelle Maginley-Liddie for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the following Defendants waive service of summons: (1) City of New York; (2) Chief of Department Sherrieann Rembert; (3) Deputy Chief of Security Ronald Lemon; (4) EMTC Warden/Assistant Commissioner Sonya Harvey; (5) RMSC Warden Rikisha Hill; (6) GRVC Warden Charisma Carter; (7) RMSC Deputy Warden Melissa Rothwell; (8) Correction Officer Nixon, Shield #20314; (9) Security Captain Mathis, Shield # 82; (10) Captain Ayuba, Shield #1239; (11) Assistant Deputy Warden Ogbemudia; (12) Assistant Deputy Warden Ada Perez; (13) Adjudication Captain Perry; (14) Captain Rogers, Shield #1431; (15) Correction Officer Wiggan, Shield #20478; and (16) Captain Collins, Shield #1080.

The Clerk of Court is instructed to issue a summons for Defendant New York City Health + Hospitals Corp., complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

---

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Clerk of Court is directed to mail a copy of this order and the complaint to: (1) the New York City Law Department, at 100 Church Street, New York, N.Y. 10007; and (2) New York City Health + Hospitals, Legal Department, 50 Water Street, 17th Floor, New York, New York 10004.

The Clerk of Court is directed to mail an information package to Plaintiff.

An amended complaint form is attached to this order.

Local Rule 33.2 applies to this case.

SO ORDERED.

Dated: September 30, 2026
New York, New York

DALE E. HO
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

NYC Health + Hospitals
Legal Department
50 Water Street, 17th Floor
New York, New York 10004