USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/5/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ANTHONY D. SMITH JR.,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

---------------------------------------------------------------X

26-CV-4902 (DEH) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

Plaintiff Anthony D. Smith Jr., proceeding *pro se* and *in forma pauperis*, commenced this 42 U.S.C. § 1983 action through a complaint filed on June 9, 2026. ECF No. 1. As of this Order, Plaintiff has not yet served any defendants. By letter received on August 20, 2026, Plaintiff submitted his first request to this Court for the appointment of *pro bono* counsel. ECF No. 9.

"Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases." Bright v. Annucci, No. 18-CV-11111 (NSR), 2020 WL 12631771, at *1 (S.D.N.Y. May 1, 2020) (citing Mallard v. U.S. Dist. Ct. for the S. Dist. Of Iowa, 490 U.S. 296, 308-09 (1989)). The Court may, however, at its discretion, order the Pro Se Office to request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. Id. (citing Palacio v. City of New York, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007)).

Under the standards set by the Second Circuit governing the appointment of *pro se* counsel, the Court must "first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Offs., 802 F.2d 58, 60-62 (2d Cir. 1986). If that threshold is met, the Court then considers "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle his case without assistance in light of the

required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," Hodge, 802 F.2d at 60-61, "and the Court should determine whether the *pro se* litigant's 'position seems likely to be of substance' or shows 'some chance of success.'" Bright, 2020 WL 12631771, at *2 (quoting Hodge, 802 F.2d at 60-61).

Plaintiff's request for *pro bono* counsel cannot be granted at this stage of the litigation. None of the defendants have been served and, given that discovery has not yet begun, the Court cannot yet assess whether Plaintiff is unable to handle the case without assistance, or whether Plaintiff's claims are likely to be of substance. For the foregoing reasons, because the Court does not find any circumstances which warrant the appointment of *pro bono* counsel at this time, Plaintiff's motion for the appointment of *pro bono* counsel is DENIED without prejudice to renewal at a later stage in the proceedings.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at the address listed on ECF and to close the motion at ECF No. 9.

**SO ORDERED.**

DATED: New York, New York
October 5, 2026

VALERIE FIGUEREDO
United States Magistrate Judge